**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4567**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

  v.

ANGIE RENEE HORNE,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00288-WO-2)

Submitted: June 24, 2021                       Decided: June 28, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angie Renee Horne pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court imposed a total sentence of 160 months' imprisonment, to run consecutively to the undischarged term of imprisonment that Horne was then serving. Horne appealed.* Horne's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of the sentence imposed. Horne was advised of her right to file a pro se supplemental brief, but she did not file one. For the reasons that follow, we affirm.

We review Horne's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence is substantively

---

* The judgment was initially entered on March 6, 2018. Upon consideration of Horne's 28 U.S.C. § 2255 motion, the district court reinstated her appeal rights by reentering the judgment on November 12, 2020, and Horne timely appealed.

reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Horne bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

Our review of the record convinces us that Horne's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable advisory Guidelines range, considered the parties' sentencing arguments, and adequately explained its reasons for the sentence imposed and for denying Horne's request for a downward variance. Horne fails to rebut the presumption of substantive reasonableness accorded her within-Guidelines sentence. *Id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Horne, in writing, of the right to petition the Supreme Court of the United States for further review. If Horne requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Horne. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*